[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} The parties were married on March 18, 1985. A decree of dissolution of marriage, which incorporated the parties' separation agreement, was entered December 9, 1993. The decree stated that four children were born of the marriage, including the youngest child, Matthew. At the time the decree was entered, both parties knew that Jihad Kassem was not Matthew's biological father.
 {¶ 3} On November 1, 1999, Jihad Kassem filed a motion seeking custody of all four children. Pursuant to Linda Kassem's motion, on December 13, 2001, the trial court ordered the parties and Matthew to undergo genetic testing. On May 14, 2002, the trial court entered an order awarding custody of the three older children to Jihad Kassem. The court found that Jihad Kassem was not the natural father of Matthew. The court left Matthew in his mother's custody and made no order for child support from or visitation for Jihad Kassem.Jihad Kassem has appealed.
 {¶ 4} The sole assignment of error, which alleges that the trial court erred in ordering genetic testing and in finding that Jihad Kassem was not Matthew's father, is sustained.
 {¶ 5} Res judicata can be invoked to give conclusive effect to a determination of parentage contained in a decree of dissolution. See Inre Gilbraith (1987), 32 Ohio St.3d 127, 512 N.E.2d 956; Broxterman v.Broxterman (1995), 101 Ohio App.3d 661, 656 N.E.2d 394. A formal acknowledgement of paternity made willingly and knowingly by both parties cannot be relitigated. See Virgili v. Virgili (Mar. 26, 2001), 5th Dist. No. 00-COA-01360.
 {¶ 6} At the time they entered into the separation agreement that was incorporated in the decree of dissolution, both parties knew that Jihad Kassem was not Matthew's natural father. Both parties had ample opportunity to raise any issues with regard to Matthew's parentage prior to the entry of the decree. Both parties agreed to the finding in the decree that Matthew was born of the parties' marriage. Therefore, both parties were precluded by res judicata from relitigating the issue of Matthew's parentage. See id.; Atchison v. Atchison, 4th Dist No. 00CA2727, 2001-Ohio-2519; Shaffer v. Rusnak (July 1, 1998), 5th Dist No. 97-CA-26; Leguillon v. Leguillon (1998), 124 Ohio App.3d 757,707 N.E.2d 571.
 {¶ 7} We hold that the trial court erred in ordering genetic testing in response to Linda Kassem's motion. Further, we hold that the trial court erred in finding that Jihad Kassem was not Matthew's father.
 {¶ 8} Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with law and this Judgment Entry.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.